UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DILLON S. WEBB,**

    **Plaintiff,**

v.                                                          Case No. 3:19-cv-00975-J-34JBT

**TRAVIS M. ENGLISH, CHAD KIRBY, SHERIFF MARK A. HUNTER,**

    **Defendants.**

_____/

**DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure, file this Motion to Supplement the Record in Support of their Motion for Summary Judgment [ECF No. 57].

On August 23, 2021, this Court heard oral argument on Plaintiff's claim in Count I of his Second Amended Complaint alleging First Amendment retaliation. [ECF No. 40]. At the hearing, the Court briefly addressed the other claims in Plaintiff's Second Amended Complaint, and noted that Defendants did not include any policies of the Sheriff in the record evidence submitted in support of their motion for summary judgment. The Court noted that the failure to include a policy regarding inventory searches (and Deputy English's deposition testimony)

will likely preclude a finding that Deputy English is entitled to summary judgment in his favor on the inventory search claim.[1]

Defendants respectfully request this Court allow them to supplement the record in support of their motion for summary judgment on this particular claim. In particular, the Defendants would submit to this Court Columbia County Sheriff's Office General Order 54.4 ("Towing, Inventory, Impoundment and Storage of Vehicles or Equipment"), which was in effect at the time of the subject incident. [See Declaration of Sgt. Joshua Green, and General Order 54.4]. That General Order provides, in pertinent part, that "[i]t is necessary for the protection of the deputy and the Sheriff's Office to inventory vehicles being towed or stored." [General Order 54.4, p. 1]. General Order 54.4 provides further that "[i]n order to protect the vehicle, its owner, the impounding deputy, and the Sheriff's Office from legal action, the contents of each vehicle shall be ascertained and inventoried." [Id.].

At his deposition, Deputy English testified that he inventoried Plaintiff's vehicle prior to it being towed, as follows:

> Q   So let's back up for a second. You testified

---

[1]   Count III of Plaintiff's Second Amended Complaint is entitled "Unlawful Search," is against all four Defendants, and combines claims related to a "pat down" search, a vehicle search (generally), and an alleged "strip search" upon entry to the Columbia County Detention Facility.

>   that you inventoried the vehicle –
>
>   A   That's correct.
>
>   Q   -- can you explain what you mean by that? What you did.
>
>   A   Whenever <u>we</u> tow a vehicle from whether it be a traffic stop arrest or any other place, <u>we have to</u> inventory the vehicle to make sure there's no illegal contraband or harmful substances or weapons inside of the vehicle prior to transport.
>
>   Q   Did you search the entirety of Mr. Webb's vehicle?
>
>   A   I inventoried the entirety of his vehicle.

[ECF No. 56-4, 72:1-13] (emphasis added).

It is undisputed that Deputy English conducted an inventory search of Plaintiff's vehicle prior to it being towed. [ECF No. 57, p. 6; ECF No. 58, pp. 16-17]. It cannot be disputed that there existed at the time of the inventory search a policy of the Columbia County Sheriff's Office that dictated that vehicles which are to be towed **must** be inventoried.

Defendants argued in their motion for summary judgment that an inventory search of a vehicle prior to impoundment is an exception to the probable cause

3

and warrant requirements of the Fourth Amendment. [ECF No. 57, p. 20]. Defendants argued further in response to Plaintiff's motion for partial summary judgment that Plaintiff had not alleged that the search of his vehicle went beyond the normal scope of an inventory search, or otherwise established that Deputy English's inventory search was unlawful. [ECF No. 62, ¶ 14-15].

The deadline for Defendants to file their motion for summary judgment (and supporting documents) was December 7, 2020; however, the Court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1242 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Defendants respectfully suggest the Court should exercise that authority here and permit the late supplementation of the record.

Permitting Defendants to supplement the record may help achieve the expeditious disposition of this case. For example, General Order 54.4 may help resolve a factual issue and permit the court to rule on an issue of law presented in Defendants' motion for summary judgment. Defendants maintain that General Order 54.4 provides context and deeper meaning to Deputy English's testimony that Columbia County Sheriff's Office deputies follow a specific practice regarding when to inventory vehicles. Defendants respectfully suggest that consideration of

4

General Order 54.4 will aid the Court in ruling on the portion of Defendants' motion for summary judgment related to the inventory search of Plaintiff's vehicle.

A copy of General Order 54.4 was provided to Plaintiff during discovery (along with the other policies of Sheriff Hunter in effect at the time of the subject incident). Plaintiff will not be prejudiced by the Court considering this evidence; however, if this motion is denied and the Court does not consider this additional evidence, the parties (and the Court) may be required to expend additional litigation resources resolving an issue that is undisputed.

Wherefore, based on the arguments and authorities cited herein, Defendants respectfully request this Honorable Court to grant the instant motion, and permit Defendants to supplement the record in support of their motion for summary judgment to include Columbia County Sheriff's Office General Order 54.4.

## Local Rule 3.01(g) Certification

Pursuant to M.D. Fla. Loc. R. 3.01(g), the undersigned certifies that he has conferred with Plaintiff's Counsel, Mr. Ian Murphy, via electronic mail regarding the relief requested herein, and can state that Plaintiff **opposes** the relief sought in this motion.

Respectfully submitted,

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar No. 0827711
Email: mcarson@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of September, 2021, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**